UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA H. HUNDLEY                                                                                PLAINTIFF

V.                                          CIVIL ACTION NO. 2:15-CV-2059-MEF

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY                          DEFENDANT


**FINAL JUDGMENT**

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security should be reversed and benefits awarded as of March 3, 2009.

This matter has a lengthy history of remand by this Court. In the Court's most recent remand order, the ALJ was directed to accurately determine the Plaintiff's onset date, as the evidence supported a date earlier that the May 11, 2010, date ascertained by an ALJ pursuant to a subsequent application for SSI. The ALJ failed to follow the mandate of this Court.

The onset date of disability is the first day an individual is disabled as defined in the Act and the regulations. Factors relevant to the determination of disability onset include the individual's

allegation, the work history, and the medical evidence. *Karlix v. Barnhart,* 457 F.3d 742, 747 (8th Cir. 2006). The "established onset date can never be inconsistent with the medical evidence of record." Social Security Ruling 83-20. After reviewing the evidence, it is clear the Plaintiff suffered a deterioration in both her mental and physical condition on or about March 3, 2009, as is evidenced by the following:

1) A March 3, 2009, assessment of counselor, Dr. Ed Hedinger, opining that her mental impairments and/or treatment would cause her to miss more than four days of work per month. (Tr. 669)

2) Non-examining consultant, Dr. Kay Gale's November 3, 2010, assessment of marked impairments in her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, accept instructions and respond appropriately to criticism from supervisors, maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness as compared to her October 16, 2007, assessment noting no more than moderate limitations in these areas of functioning. (Tr. 318-335, 1021-1038)

3) Records from Dr. Alex Freeman documenting symptoms consistent with carpal tunnel syndrome and ulnar neuropathy since at least February 12, 2009. (Tr. 378-680, 954, 1246-1250, 1270-1271)

4) March 24, 2009, nerve conduction studies documenting carpal tunnel syndrome on the left with ulnar neuropathy at the left elbow. (Tr. 673-674)

5) Surgical transposition of the submuscular left ulnar on June 1, 2009. (Tr. 955-956)

6) Dr. Bolyard's assessment of peculiar Tinel's at the left wrist causing discomfort in the ulnar nerve distribution of the fingers on June 9, 2009. (Tr. 954)

7) Dr. Freeman's diagnosis of possible ulnar versus medial nerve entrapment, status post ulnar nerve surgery, on June 19, 2009. (Tr. 1280-1281)

8) Dr. Bolyard's assessment of continued discomfort and tenderness in the wrist on July 10, 2009, in spite of good grip strength and a good range of motion in the elbow. (Tr. 953)

IT IS, THEREFORE, ORDERED AND ADJUDGED that the decision of the Administrative

Law Judge is reversed, and this case is remanded to the Commissioner with directions to award benefits as of March 3, 2009.

    SO ORDERED AND ADJUDGED this the 24th day of May, 2016.

                                              /s/ Mark E. Ford
                                              HON. MARK E. FORD
                                              UNITED STATES MAGISTRATE JUDGE